**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TIFFANY JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1032 CAS |
| ) | |
| EASTERN ASSET MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Tiffany Jenkins's motion for entry of default judgment against defendant Eastern Asset Management, LLC, and for attorneys' fees and costs. Plaintiff's motion is accompanied by affidavits and exhibits. For the following reasons, the Court will grant plaintiff default judgment in the amount of $3,000.00, and award attorneys' fees and costs in the amount of $3,520.00.

### *I.    Background*

On July 15, 2008, plaintiff filed a complaint against Eastern Asset Management, LLC, alleging five counts under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692, et seq., and one count under state law for invasion of privacy by intrusion upon seclusion. According to the complaint, plaintiff incurred a consumer debt, and defendant was the holder of this debt or was retained by the holder to collect the debt. Plaintiff avers that on or about February 27, 2009, plaintiff telephoned defendant in response to a message left by defendant. According to plaintiff, during this conversation, defendant informed plaintiff that the debt had been removed from plaintiff's credit report because defendant was preparing to file a case against plaintiff in state court, which would result in the garnishment of her wages. Plaintiff alleges that on or about February 28, 2008,

defendant telephoned plaintiff at her place of employment, and during this communication defendant again threatened to sue plaintiff. Plaintiff alleges that she informed defendant that she was not permitted to receive personal calls at work. Despite this notice, plaintiff alleges on February 29, 2008, defendant again telephoned her at her place of employment, and defendant renewed its threat to file suit against her and garnish her wages. Plaintiff alleges defendant again called her at work on March 3, 2008, and she again informed defendant that she was not to receive personal phone calls at work. Defendant is alleged to have once again telephoned plaintiff at her place of employment three hours later. According to the complaint, at the time of these telephone calls, defendant had neither the intent nor the ability to sue plaintiff or garish her wages. Plaintiff alleges defendant's actions caused her emotional and mental anguish, and she suffered substantial anxiety and stress. For relief, plaintiff seeks statutory and actual damages, as well as attorneys' fees and costs.

Defendant was served with summons and the complaint on September 24, 2008. Defendant did not answer or otherwise respond to the complaint. On October 22, 2008, the Clerk of Court entered a default against defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Doc. 7.

*II.     Discussion*

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v.

2

F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

The Court takes the allegations plaintiff made in her complaint as true, except for those allegations as to the amount of damages, and finds plaintiff is entitled to default judgment under the

3

FDCPA.[1] Taylor, 859 F.2d at 1333. n.7 ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted). The FDCPA "is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) (quoting 15 U.S.C. § 1692e and Peters v.General Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002)). Under the FDCPA, a debt collector may not "harass, oppress, or abuse any person in connection with the collection of a debt", and more specifically, a debt collector may not "[c]aus[e] a telephone to ring or engag[e] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d (a)(3). A debt collector also "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt", including making a "representation that the nonpayment of any debt will result in . . . [the] garnishment . . . of any . . . wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," or a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e (4) and (5). The FDCPA also prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. §1692c (a)(3). Accepting the allegations in the complaint as true, the Court finds defendant has violated provisions of the FDCPA. 15U.S.C. §1692, et seq.

### III.  *Damages and Fees*

---

[1] In plaintiff's motion for default judgment and the memorandum in support thereof, plaintiff seeks damages under the FDCPA only. Plaintiff did not brief whether she was entitled to judgment for her claim of invasion of privacy, or what, if any, damages she would be entitled to under state law.

4

As for damages, plaintiff seeks $25,000.00 in actual damages, $1,000.00 in statutory damages, and $3,520.00 in attorneys' fees and costs. Plaintiff filed an affidavit and declaration in support of her damage and fee requests, as well as exhibits.

Under the FDCPA, a debt collector who violates the Act is liable for any actual damages sustained by the plaintiff and "additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k (a)(1) and (2)(A). In determining the amount of liability under subsection (a)(2)(A), the Court is to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." §1692k (b)(1).

Based on the facts set forth in the complaint and plaintiff's affidavit, the Court will award plaintiff $1,000.00 in statutory damages. As for actual damages, plaintiff submitted an affidavit in support of the $25,000.00 she is seeking. In her affidavit, plaintiff states she was "intimidated and disturbed" by the message defendant left her, and that she was upset and "afraid" of "get[ting] in trouble" due to the calls she received while at work. As a result of defendants conduct, she states that she "cried for several days", had "very bad headaches", "felt helpless", and was made to feel "worthless and ashamed." The Court recognizes that it may award damages under FDCPA for mental anguish and emotional distress, however, the Court does not find this case to be as egregious as the cases plaintiff cites in support of the large damage award she is seeking. See, e.g., Black. v. Smith Klein & Assoc., No. 07-C-2639 (N.D. Ill. Nov. 9, 2007) (awarding $21,000.00 in actual damages to a plaintiff who, upon being threatened with arrest by the defendant, waited on her porch for the police to arrive. Plaintiff also suffered aggravations to her gastric bypass surgery). To compensate plaintiff for the mental anguish and humiliation she suffered, the Court will award

5

plaintiff $2,000.00 in actual damages. See Backer v. RRI, Inc., No. 4:08-CV-1336 (E.D. Mo. Apr. 4, 2009) (awarding plaintiff $2,000.00in actual damages for mental anguish as a result of harassing phone calls); Chiverton v. Federal Fin. Group, Inc., 399 F.Supp.2d 96, 102 (D. Conn. 2005) (awarding $5,000.00 in actual damages for consumer's emotional distress resulting from debt collector's collection practices, which included repeated telephone calls to consumer's workplace despite consumer's request that they stop, which lead consumer to fear for his job and possible promotion, as well as directly contacting consumer's supervisor).

The FDCPA also provides for attorneys' fees and costs. §1692k (a)(3). According to the documentation provided to the Court, plaintiff has incurred $3,125.00 in attorneys' fees and $395.00 in costs in pursuit of this action. The Court finds the attorneys' fees and costs that plaintiff has documented she incurred were necessary and reasonable. Hensley v. Eckerhart, 461 U.S. 424 (1983). Thus, plaintiff is entitled to costs in the amount of $395.00 and attorneys' fees in the amount of $3,125.00.

### *IV.    Conclusion*

In sum, the Court finds plaintiff is entitled to the entry of default judgment against Eastern Asset Management, LLC, in the amount of $3,000.00, together with attorneys' fees and costs in the amount of $3,520.00, for a total judgment of $6,520.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Tiffany Jenkins's motion for default judgment against defendant Eastern Asset Management, LLC, is **GRANTED.** [Doc. 9]

**IT IS FURTHER ORDERED** that plaintiff Tiffany Jenkins is awarded statutory damages in the amount of One Thousand Dollars ($1,000.00) and actual damages in the amount of Two

Thousand Dollars ($2,000.00) against defendant Eastern Asset Management, LLC.

**IT IS FURTHER ORDERED** that plaintiff Tiffany Jenkins is entitled to costs in the amount of Three Hundred Ninety-Five Dollars ($395.00), and attorneys' fees in the amount of Three Thousand One Hundred Twenty-Five Dollars ($3,125.00).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __12th__ day of August, 2009.